IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| TIOMBE HARRIS,               )<br>                              )<br>    Petitioner,             )<br>                              )<br>    v.                        )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>                              )<br>    Respondent.               ) | CIVIL ACTION NO.<br>3:16cv333-MHT<br>(WO) |

OPINION

Pursuant to 28 U.S.C. § 2255, petitioner Tiombe Harris, a federal prisoner, filed this lawsuit seeking habeas relief.  Specifically, he seeks to vacate, set aside, or correct the amended sentence this court imposed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, because this court based his amended sentence on the clearly erroneous factual finding that the release date projected by the Bureau of Prisons did not already factor in good-time credit he had accrued (and might still accrue).

Having conducted a hearing on this motion on May 10, 2016, and based on the representations made in open court

during that hearing and in the parties' subsequent filings, the court--and the government--agree with Harris (1) that his amended sentence was based on false information, (2) that habeas relief is warranted, and (3) that his sentence should be reduced further.[1]

On January 15, 2016, this court reduced Harris's sentence on the first count of conviction to 46 months.[2] In calculating this amended sentence, the court decided to impose a sentence "comparably less" than the amended guideline range, pursuant to U.S.S.G. § 1B1.10(b)(2)(B), in order to account for the substantial-assistance departure Harris received during his original sentencing. In determining how to calculate a comparably lessened sentence, the court discussed with counsel whether it should employ the 'level-wise' computation method

---

1. The government's response to the petition states that it "has no objection to the relief sought" therein. See Resp. to Pet. (doc. no. 3) at 1.

2. Harris also received a consecutive sentence of 60 months on a separate count. Amendment 782 had no effect on the sentence for this second count.

2

proposed by the court's Retroactivity Screening Panel or the 'percentage-wise' computation method discussed in U.S.S.G. § 1B1.10(c) cmt. n. 4(B).  The court noted that the level-wise method would result in an amended sentence of 46 months and that the percentage-wise method would result in an amended sentence of 36 months.

The court was advised, and thus mistakenly believed, that "the practical difference in the resulting reduction [would] be minimal," because Harris's projected release date did not reflect his accrual of good-time credit and thus that even the more limited reduction would result in very prompt release.  See Op. and Order, United States v. Harris, 3:09-cr-112-MHT, 2016 WL 184427, at *1 n.* (M.D. Ala. Jan. 15, 2016) (Thompson, J.).  The court opted to grant the more limited reduction to 46 months, in order to "increase[e] the likelihood that [Harris] can participate in pre-release programming."  Id.; see also United States v. Maiello, 805 F.3d 992 (11th Cir. 2015) (holding that although Tapia v. United States, 564 U.S. 319 (2011), prohibits sentencing courts from "imposing

3

or lengthening" a criminal sentence in order to promote rehabilitation, this prohibition is inapplicable to sentence reduction proceedings pursuant to 18 U.S.C. § 3582(c)(2)).

However, the court has since been made aware that the release dates projected by the Federal Bureau of Prisons already reflect all of the good-time credit a prisoner could possibly accrue over the course of his entire sentence. Harris's new projected release date is, thus, not imminent, but rather almost a year away. Had the court known this, it would have granted Harris more of a reduction, to an amended sentence of 44 months, which would be sufficiently lengthy to ensure that he will spend a meaningful period of time in a halfway house.

The court's decision to employ the level-wise computation method was not, in itself, error. See United States v. Marroquin-Medina, -- F.3d --, 2016 WL 1273021, at *6-*7 (11th Cir. Apr. 1, 2016) (permitting district courts to employ either method). However, as the Eleventh Circuit held in Shukwit v. United States, 973

F.2d 903, 904 (11th Cir. 1992), "due process protects the right not to be sentenced on the basis of false information," and so Harris's "claim that he was sentenced on the basis of false information ... is cognizable in this petition."

As the Third Circuit explained in greater detail in United States v. Eakman, 378 F.3d 294, 301 (3d Cir. 2004), habeas relief is available under the "otherwise subject to collateral attack" prong of § 2255 when "(1) the district court made an objectively ascertainable error (one that does not require courts to probe the mind of the sentencing judge) and (2) the district court materially relied on that error in determining the appropriate sentence," because such an error is "of constitutional magnitude."

In fact, the error that Eakman found to be cognizable on habeas review is quite similar to the error this court committed. In Eakman, the petitioner contended that the district judge had based his sentencing decision on the mistaken belief that the Federal Bureau of Prisons had

the legal authority to place the defendant in a community-confinement center, as the judge had recommended, when in fact it had no such authority. The case was remanded in order to determine whether the district judge had in fact relied on that mistaken belief; if so, the writ was to be granted and the petitioner resentenced. Here, the text of the opinion reducing Harris's sentence and the memory of the undersigned both confirm reliance.

The amended sentence this court imposed on Harris was explicitly predicated on objectively false information. The court will therefore grant his petition, vacate his sentence, and resentence him to 44 months on the first count of conviction.

An appropriate judgment will be entered.

DONE, this the 12th day of May, 2016.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE